IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| AILEEN CENTENO | : | |
| --- | --- | --- |
| | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | No. 08-5509 |
| RHODA WINSTEAD, et al., | : | |

**MEMORANDUM RE: PETITIONER'S OBJECTIONS TO THE
MAGISTRATE JUDGE'S REPORT & RECOMMENDATION**

**Baylson, J.**                                                                                                                                                             **December 23, 2009**

**I.    INTRODUCTION**

Petitioner, Aileen Centeno, filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). The undersigned referred the case to Magistrate Judge Elizabeth T. Hey for a Report and Recommendation ("R & R") on the merits. (Doc. 3). Magistrate Judge Hey filed her R & R on May 29, 2009 (Doc. 13), and presently before the Court is Petitioner's Objection to Report and Recommendation for Dismissal, which she filed on June 16, 2009.[1] (Doc. 15).

Upon independent and thorough review, and for the reasons stated below, this Court denies Petitioner's objections and accepts Magistrate Judge Hey's R & R.

**II.    BACKGROUND**

    **A.    Facts and Procedural History**

After a jury trial on August 5, 1999 before the Honorable Jane Cutler Greenspan of the

---

[1] This reflects the date given by Petitioner; the date-stamp from the Clerk of Court indicates that the objections were received on June 22, 2009, and filed on June 29, 2009.

1

Court of Common Pleas of Philadelphia County, Petitioner was found guilty of two counts of third-degree murder, two counts of aggravated assault, and one count each of conspiracy, possession of an instrument of a crime, and reckless endangerment of another person.[2] Petitioner was sentenced to twenty-five to fifty years in prison by Judge Greenspan on October 21, 2009. The Pennsylvania Superior Court affirmed the sentence on January 16, 2003. Commonwealth v. Centeno, 819 A.2d 113 (Pa. Super. Ct. 2003) (table). On June 26, 2003, the Pennsylvania Supreme Court denied review. Commonwealth v. Centeno, 827 A.2d 1202 (Pa. 2003) (table).

On May 25, 2004, Petitioner filed a pro se application for post-conviction collateral relief pursuant to Pennsylvania's Post Conviction Relief Act (PCRA), 42 Pa. Cons. Stat. Ann. § 9541 et seq.[3] Petitioner filed an amended PCRA petition on December 2, 2004, after counsel was appointed on September 21, 2004. Petitioner filed a "Supplemental Amended" PCRA petition on April 21, 2005, with the aid of private counsel. Following its August 4, 2005 notice of intent to dismiss, the PCRA court dismissed the petition on October 12, 2005. Commonwealth v. Centeno, No. 1115 2/2 March Term, 1998 (Phila. C.C.P. Oct. 12, 2005). Petitioner timely appealed the PCRA court's dismissal. Subsequently, on September 29, 2006, the Pennsylvania Superior Court affirmed the denial of Petitioner's PCRA petition on the merits. Commonwealth v. Centeno, No. 2948 EDA 2005, at 2-3 (Pa. Super. Ct. Sept. 29, 2006). The Pennsylvania

---

[2]The charges arise from Petitioner, her husband, and two other coconspirators' plan to murder a rival drug dealer in Philadelphia. When the two coconspirators killed the rival drug dealer, they also shot and killed a pregnant woman, in addition to shooting two other bystanders.

[3]Before her conviction was upheld by the Pennsylvania Supreme Court, Petitioner filed a nunc pro tunc petition in 2001. Because her conviction was not yet final, that petition has no bearing on the tolling of the AEDPA statute of limitations, which is addressed infra.

2

Supreme Court denied further review on February 5, 2007. Commonwealth v. Centeno, 918 A.2d 742 (Pa. 2007) (table).

On April 17, 2007, Petitioner obtained an affidavit from her husband and codefendant Elias Pagan, which stated that Petitioner had no involvement in the commission of the crime. (Doc. 9, Exhibit G). Petitioner filed a new PCRA petition based on the affidavit. In response, the PCRA court filed a notice of intent to dismiss the new petition as untimely filed on December 11, 2007. Commonwealth v. Centeno, No. 1115 1/1 March Term, 1998 (Phila. C.C.P. Dec. 11, 2007). In that order, the PCRA court granted Petitioner leave to seek counsel and amend the deficient petition. On May 12, 2008, after not hearing from Petitioner since granting her leave to amend, and without any knowledge that Petitioner sought counsel, the PCRA court denied the petition as time barred. Commonwealth v. Centeno, No. 1115 1/1 March Term, 1998 (Phila. C.C.P. May 12, 2008). Petitioner filed an appeal to the PCRA court's dismissal on September 28, 2008, but the appeal was dismissed because it was not accompanied by a brief.

Petitioner filed her Petition for Writ of Habeas Corpus in federal court on November 24, 2008.[4] Petitioner cited several grounds for relief in her Petition, specifically: (1) that the arresting officers violated her Fourth Amendment rights, (2) that she was actually innocent of the charges brought against her based on alleged new evidence in the form of Pagan's affidavit exonerating her, (3) that trial counsel was ineffective, and (4) that the weight and sufficiency of the evidence did not support her conviction.

The Commonwealth filed its Response to the Petition on February 6, 2009. (Doc. 9). The government argued that the Petition should be denied because it is time barred and Petitioner

---

[4]November 21, 2008 is the date on the mailing envelope.

has not offered any viable reasons that would allow the statute of limitations to be equitably tolled: namely, (1) Petitioner was not diligent in exercising her claims; (2) Petitioner's affidavit from her husband has been available since the time of trial, that is, the affidavit does not constitute "new reliable evidence"; and (3) it is unclear whether actual innocence represents an exception to the one-year time limit allotted for federal habeas petitions to be considered timely under Supreme Court and Third Circuit precedent.

Petitioner filed an Answer in Response on May 21, 2009. (Doc. 11). Although Petitioner conceded that her Petition is untimely, she cited her ignorance of the law as justification for her lateness in filing. Additionally, Petitioner reasserted her argument that actual innocence should permit this Court to hear her claims on the merits. Magistrate Judge Hey issued her R & R on May 29, 2009, recommending that the Petition be dismissed as untimely filed.

### B. Summary of the Magistrate Judge's R & R

Magistrate Judge Hey determined that the Petition was time barred in its entirety under the statute of limitations contained in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d). (Doc. 13, at 12). Magistrate Judge Hey found that Petitioner's conviction became final on September 24, 2003, when her time for seeking a writ of certiorari to the United States Supreme Court expired, and the statute of limitations began to run on that date.[5]

---

[5] Magistrate Judge Hey noted that the statute of limitations could have started when Petitioner received Pagan's affidavit exonerating her (April 17, 2007), but that Petitioner was not entitled to this alternative start date because, as the PCRA court found, the affidavit did not constitute "'after discovered' evidence for purposes of the exception to the PCRA time bar . . . [and] Petitioner has not alleged that the 'factual predicate' at issue . . . could not have been discovered earlier through the exercise of due diligence." (Doc. 13, at 6) (citing Sistrunk v. Rozum, No. 06-5630, 2009 WL 1089557, at *2–3 (E.D. Pa. Apr. 21, 2009) (Padova, J.); Downes v. Carroll, 348 F. Supp. 2d 296, 300–01 (D. Del. 2004) (Jordan, J.)).

Id. at 5. According to the R & R, Petitioner tolled the statute of limitations pursuant to 28 U.S.C. § 2244(d)(2) when her first PCRA petition was properly filed with the state court on May 25, 2004, "245 days after her conviction became final." Id. at 7. Once the Pennsylvania Supreme Court denied review of her first PCRA petition on February 5, 2007, the limitations period to petition for federal habeas relief resumed. Id. With the statutory tolling, Magistrate Judge Hey found the AEDPA statute of limitations expired on June 5, 2007. Id. at 8.

Magistrate Judge Hey also found that Petitioner's second PCRA petition, filed on June 6, 2007, did not toll the limitations period because the state court determined the petition was untimely and an improperly filed state court petition cannot toll the AEDPA statute of limitations. Id. Even if the second petition were timely filed, Petitioner's claim would be time barred because it was filed one day after the AEDPA statute of limitations had already expired. Id. Finally, Magistrate Judge Hey found that Petitioner did not qualify for equitable tolling under the standard provided by the Third Circuit, because Petitioner failed to establish that she was reasonably diligent in pursuing her case, especially in regard to petitioning this Court after Pagan's affidavit was obtained. See id. at 9–12 (rejecting "ignorance of the law" and "actual innocence" as grounds for equitable tolling).

### III. PETITIONER'S OBJECTIONS

Petitioner submitted formal objections to the R & R. (Doc. 15).[6] Petitioner asserts her Petition should not be deemed time barred because (1) she is actually innocent,[7] and (2) she is "ignorant of the law and indigent" and thus could not be aware of the timing restrictions for filing a federal habeas petition.

IV. **STANDARD OF REVIEW**

In ruling on objections to the R & R of a United States Magistrate Judge, this Court reviews de novo only those findings of the R & R to which a petitioner specifically objects. 28

---

[6] In addition to the formal objections, Petitioner sent two letters to the Court, dated July 17, 2009, and November 30, 2009, outlining several justifications for why her Petition should be granted. The Court will consider the content of these letters alongside her formal objections.

[7] In her formal objections, Petitioner provided several reasons why her conviction and sentence were erroneous and she is actually innocent: (1) a "statement from a known criminal . . . [is] clearly [ ] unreliable," because a criminal is "out to make a deal"; (2) the court should view all of the evidence holistically and not for clear error, and the only evidence is from a criminal threatened with life in prison if the criminal did not implicate Petitioner; (3) "[Petitioner] was not present at the scene of the crime . . . , [s]he also was not involved with any planning of this crime . . . . , [and] [s]he was not aware of any of her husband's illegal dealing"; (4) guilt by association cannot serve as the basis for conviction and that was the only basis here; (5) Petitioner has maintained innocence from the beginning, which is reflected by Petitioner's refusal to accept a plea bargain of two to five years "if she lied and implicated herself in the crime"; (6) Petitioner does not have a criminal record; (7) during sentencing the trial court ignored Petitioner's character and history and was unduly influenced by the nature of the crime and the Petitioner's unwillingness to cooperate with authorities; (8) Petitioner should not have been convicted of conspiracy because of her "mere presence at the scene of the crime," and "communication with other alleged perpetrators is insufficient to establish a criminal conspiracy unless it can be show[n] that either communication was made to induce another to commit a crime . . . or that a communication was made pursuant to knowledge of another[']s criminal design"; and (9) Petitioner did not have specific intent to commit the crime, as she only had knowledge of her husband's plan, was not in the room when the plan was discussed and did not actively participate in the crime. In her subsequent letters to the Court, Petitioner also (1) suggests that she was "heavily medicated" during the trial and this impacted the outcome; and (2) submits that the length of her sentence was not warranted given her status as a "first time offender," because the only evidence presented was hearsay from codefendants seeking plea bargains, and because overall, the evidence presented is "unfair" and would result in a "miscarriage of justice."

6

U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72. When reviewing documents filed pro se a court must keep in mind that "[a] document filed pro se is 'to be liberally construed.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

V.     **DISCUSSION**

Petitioner's claims for federal habeas relief are governed by the limitations period set forth in 28 U.S.C. § 2244(d), which provides, in relevant part:

> (1) [a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> . . . . .
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner does not challenge, and this Court's review of the record confirms, that absent a showing of equitable tolling, Petitioner's claims for federal habeas relief are time barred. Petitioner asserts, however, that contrary to Magistrate Judge Hey's conclusion, the limitations period governing her Petition should have been equitably tolled due to her claims of actual innocence and ignorance of the law.

The United States Court of Appeals for the Third Circuit has held that § 2244(1)'s limitations period is subject to equitable tolling in circumstances where "the petitioner has in some extraordinary way . . . been prevented from asserting his or her rights . . . [and has] show[n] that he or she exercised reasonable diligence in investigating and bringing the claims." Miller v. N.J. State Dept. of Corrections, 145 F.3d 616, 618–19 (3d Cir. 1998) (internal quotation marks

7

and original alteration marks omitted). The Third Circuit has identified four situations where equitable tolling may be appropriate: (1) "the defendant has actively misled the plaintiff," (2) "the plaintiff has in some extraordinary way been prevented from asserting his rights," (3) "the plaintiff has timely asserted his rights mistakenly in the wrong forum," and (4) "in a Title VII action when a claimant received inadequate notice of her right to file suit, where a motion for appointment for counsel is pending, or where the court has misled the plaintiff into believing that she had done everything required of her." Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999) (internal quotation marks and original alteration marks omitted). Although this list is not exhaustive, it reflects the underlying principle that equitable tolling should only be invoked in the most extreme circumstances. See Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236, 239 (3d Cir. 1999) (recognizing that "courts must be sparing in their use of equitable tolling"); see also Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 152 (1984) ("Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants.").

As Magistrate Judge Hey duly recognized, the Third Circuit has held that misunderstanding or ignorance of the law is not a sufficient basis for equitably tolling AEDPA's statute of limitations, even for pro se petitioners. See Jones, 195 F.3d at 160 ("[Petitioner's] misunderstanding of the exhaustion requirement is insufficient to excuse his failure to comply with the statute of limitations."); School Dist. of Allentown v .Marshall, 567 F.2d 16, 21 (3d Cir. 1981) (rejecting ignorance of law as basis for equitable tolling); Eckles v. Erikson, No. 06-1870, 2009 WL 292585, at *5 (E.D. Pa. Feb. 5, 2009) (Slomsky, J., adopting Restrepo, M.J.) (same). Other circuits have reached a similar conclusion. See, e.g., Fisher v. Johnson, 174 F.3d 710, 714

(5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing."); Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998) (rejecting habeas claim as time barred even though the petitioner "did not know about the limitation in the AEDPA until it was too late"); see also. Smith v. McGinnis, 208 F.3d 13, 18 (2d Cir. 2000) ("[Petitioner's] pro se status . . . does not merit equitable tolling."). Accordingly, the Court finds that Petitioner's ignorance of the law cannot serve as a basis for equitably tolling § 2244(1)'s limitations period in this case.

As to Petitioner's claim of actual innocence, "[t]he Third Circuit has not yet decided whether [such] a claim . . . may equitably toll the one-year filing period under 28 U.S.C. § 2244(d)." McKeever v. Warden, 486 F.3d 81, 84 n.5 (3d Cir. 2007).[8] "Assuming a viable claim of actual innocence could equitably toll the [AEDPA] limitations period, [the petitioner] must offer 'new reliable evidence' showing it is more likely than not that no reasonable juror would have found the petitioner guilty beyond a reasonable doubt." Hayman v. Pennsylvania, 624 F. Supp. 2d 378, 394 (E.D. Pa. 2009) (Fullam, J., adopting Rice, M.J.) (quoting Schlup v. Delo, 513 U.S. 298, 324 (1995)). When reviewing such evidence, "the court may consider how the timing of the submission and the likely credibility of the affiants bear on the probable reliability of that evidence." Schlup, 513 U.S. at 332. Furthermore, the petitioner would need to demonstrate that she exercised reasonable diligence in pursuit of her claim of actual innocence. See, e.g., Horning v. Lavan, 197 F. App'x 90, 94 (3d Cir. 2006) (non-precedential) ("[E]ven assuming that this court were to permit equitable tolling of the AEDPA statute of limitations when a viable claim of

---

[8]As detailed by Magistrate Judge Hey, several circuits have addressed the potential for an actual innocence exception to § 2244(d)'s one-year statute of limitations, without clear consensus. (Doc. 13, at 11 n.8).

9

actual innocence has been presented, [the petitioner's] claim would nevertheless fail because he did not exercise reasonable diligence in pursuing his actual innocence claim."); New Castle County v. Halliburton NUS Corp., 111 F.3d 1116, 1126 (3d Cir. 1997) (requiring petitioner to demonstrate reasonable diligence in order to make successful claim for equitable tolling).

In the present case, Petitioner supports her claim of actual innocence with an affidavit from her codefendant and husband, Elias Pagan, which she obtained on April 17, 2007. (Doc. 9, Exhibit G). The affidavit states that Petitioner is "definitely innocent of the past wrongful charges and the subsequent convictions and false imprisonment over the past nine years." Both the timing and the source of the information call into question its reliability. The affidavit was supplied to Petitioner almost ten years after the date of her conviction. As Magistrate Judge Hey noted, there is no credible justification offered by the affiant or Petitioner as to why the information was not available at the time of trial. Additionally, the statement does not specifically contest any of the facts establishing Petitioner's involvement with the conspiracy—facts that originated from statements made by Petitioner and her husband's coconspirators, not by Petitioner's husband. Although Petitioner asks this Court to disregard the statements implicating her in the crime, she simply has not offered any credible evidence that would undermine the facts established at trial. Accordingly, the Court agrees with Magistrate Judge Hey that this affidavit fails to present "'new reliable evidence' showing it is more likely than not that no reasonable juror would have found the petitioner guilty beyond a reasonable doubt." Hayman, 624 F. Supp. 2d at 394 (quoting Schlup, 513 U.S. at 324).

Moreover, Petitioner has not demonstrated reasonable diligence in pursuing her claim, an important criterion in any claim for equitable tolling. Petitioner received the affidavit in April

2007 and filed a PCRA petition in state court based on the affidavit.  In December 2007, the PCRA court filed its notice of intent to dismiss the claim, but it also granted Petitioner leave to amend and seek counsel.  Having not heard from Petitioner for five months, the PCRA court dismissed her petition on May 12, 2008.  Then, Petitioner waited four months before she filed an appeal to the PCRA decision in September 2008, and an additional two months from September before she filed her federal habeas petition.  As found by Magistrate Judge Hey, one-and-a-half years elapsed between the time Petitioner obtained the affidavit and the time she filed the instant Petition.  Accordingly, even if this Court were to recognize actual innocence as a ground for equitably tolling AEDPA's statute of limitations, Petitioner has demonstrated neither reasonable diligence nor new reliable evidence that would warrant such tolling here.

## VI. CONCLUSION

For the reasons stated above, the Court will adopt the R & R and deny the Petition for Writ of Habeas Corpus.

An appropriate order follows.

O:\CIVIL 07-08\08-5509 Centeno v. Winstead\08-5509, Centeno v Winstead - Memorandum.wpd